# CHARLESTON.

I. D. VANMETRE *v.* W. E. RUMSEY, *State Entomologist*

## (No. C. C. 387)

Submitted January 12, 1927.   Decided February 1, 1927.

ARGICULTURE—*Petition for Damages for Destruction of Rust-Infected Trees by State Entomologist Held Sufficient (Acts 1925, c. 84, §§ 1, 2, 5, 7, 8).*

A petition to the circuit court for the damages provided for by section 7 of chapter 84, Acts of the Legislature of 1925, is sufficient if it alleges that certain rust-infected cedar trees, of a value named, the property of the petitioner, were destroyed by the state entomologist under and in pursuance to the act, and prays for the ascertainment and payment of damages as provided by the act.

(Agriculture, 2 C. J. § 59c [Anno].)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.)

WOODS, JUDGE, absent.

Certified Questions from Circuit Court, Berkeley County.

Action by I. D. VanMetre against W. E. Rumsey, State Entomologist.   After overruling defendant's motion to quash the petition and his demurrer thereto, the trial court certified questions.

*Ruling sustained.*

*Kilmer & Byrer,* for plaintiff.

MILLER, JUDGE:

The circuit court overruled the motion of the State Entologist to quash the petition in this case and his demurrer thereto, and certified to this court the questions arising on said rulings.

This proceeding was instituted pursuant to the provisions of chapter 84 of the Acts of the Legislature of 1925.   Section 1 of the act provides:

> "That it shall hereafter be unlawful within this state for any person, firm or corporation, to own or

> keep alive and standing upon his or its premises,
> any red cedar tree, or trees, which are or may be
> the source of the communicable plant disease com-
> monly known as 'rust' of the apple, and any such
> cedar trees when growing within a radius of three
> miles of any apple orchard in this state, are hereby
> declared a public nuisance and shall be destroyed
> as hereinafter provided, and it shall be the duty of
> any owner or owners of any such cedar trees to
> destroy the same as soon as he or they are directed
> to do so by the state entomologist, as herein pro-
> vided.''

Section 2 of said act makes it the duty of the State Ento-
mologist, upon the request in writing of ten or more repu-
table freeholders of any county, to make an examination and
investigation of any red cedar tree or trees in the locality
from which the request comes, to ascertain if any such tree or
trees are the source of, harbor or constitute the host plant for
the said disease known as ''rust of the apple,'' and consti-
tute a menace to the apple trees in said locality, and requires
the State entomologist, if it appears that such cedar tree or
trees do constitute the source, harbor or host plant of such
disease, to give notice in writing to the owner or owners of
said cedar trees to destroy the same.

Section 5 of said act provides:

> ''Whenever the owner or owners of said cedar
> tree or trees refuse or neglect to cut down and
> destroy the same within the time specified in the
> notice given by the state entomologist as prescribed
> by section two of this act, it shall be the duty of
> the state entomologist to cause said trees to be cut
> down and destroyed and the necessary expense
> thereof shall be paid by the county court out of
> the general fund of the county upon a warrant
> drawn by the state entomologist, said fund to be
> reimbursed for such payment or payments as pro-
> vided in section eight hereof.''

And section 7 provides:

> ''Any owner or owners feeling aggrieved be-
> cause of the destruction of any cedar tree or trees

in accordance with the provisions of this act, shall have the right of appeal to the circuit court of said county in which his said property is located, *provided* said appeal shall be taken within fifteen days from the date of the desruction of his said cedar tree or trees. Notice in writing must be filed with the clerk of said court who shall forthwith transmit a copy thereof to the state entomologist. Upon the hearing of said matter in the circuit court, should it be determined that the owner of said cedar tree or trees, has been damaged because of any action of the state entomologist under and by authority of this act, the amount thereof, together with the costs of said proceeding, shall be paid out of the general fund of said county, upon an order duly entered by said circuit court.''

Section 8 of the act authorizes the county court to reimburse the general fund of the county for any amounts paid out under the provisions of sections five and seven, by a specific levy upon the owners of all apple orchards in the county.

By his petition to the circuit court, petitioner alleges that he is the owner of a certain tract of land located in Berkeley County, West Virginia; that ''acting under and in pursuance to chapter 84 of the Acts of 1925, the State Entomologist entered upon the real estate aforesaid, by and through his assistants, and destroyed a large number of cedar trees upon his premises, of material value, which destruction was made on the 28th day of April, 1926; that the said trees, so destroyed, were of the number of about twelve hundred (1200) and that the value to the said I. D. VanMetre was not less than Twelve Hundred ($1200.00) Dollars; * * * that the cedar trees referred to * * * were red cedar trees that are or may be the source for the communicable plant disease known as 'rust' of the apple, and are such cedar trees referred to by the Legislature, within the purview of the act aforesaid, and are such cedar trees which constitute the source, harbor or host plant of said disease, and the said trees so cut were within a radius of three miles of an apple orchard, and constituted, according to the judgment of the

State Entomologist, a menace to the health of said apple orchard, so your petitioner and appellant is informed.''

Petitioner's prayer is that the amount of his *damages* may be ascertained by reason of the action of the State Entomologist, under authority of chapter 84 of the Acts of the Legislature of 1925, and that the amount thereof, together with the cost of this proceeding, may be directed by the court to be paid out of the general fund of Berkeley County, West Virginia, as provided by statute.

Counsel for the State Entomologist contend that the petition is insufficient as one for the damages allowed by the statute; that it demands only compensation for the trees destroyed, based on their value to the petitioner.

The statute clearly contemplates compensation to the owner when it has been ascertained by the circuit court that he has been damaged because of the destruction of his cedar trees in accordance with the provisions of the act. We are not called upon here to enumerate the elements of damages that may be inquired into. The circuit court, upon the hearing, when petitioner's evidence has been presented, must first determine what damages the owner may be entitled to. The only question before us, on demurrer and motion to quash the petition, is whether the facts stated are sufficient to entitle the petitioner to the relief granted by the statute, to the damages therein provided for. The statute simply says that any owner of cedar trees feeling himself aggrieved because of the destruction of such trees in accordance with the provisions of the act, shall have the right of appeal to the circuit court for a hearing on the question of damages. No particular form of pleading or petition is prescribed. The aggrieved owner is required to file notice of such appeal with the clerk of the circuit court; and the clerk shall forthwith transmit a copy of the same to the State Entomologist. No formal parties are required to be summoned by service of process.

Does not the petition under consideration comply with all the requirements of the statute? It is alleged that the State Entomologist, acting under and by authority of the act, entered upon petitioner's premises, and destroyed 1200 of his

cedar trees, of the value of $1200.00; and he appeals to the circuit court, praying that the amount of his damages be ascertained by reason of the action of the entomologist, as provided by the statute.  The purpose of a petition or pleading is to acquaint the court and all necessary and proper parties with the nature and object of the petitioner's demand or claim.  Here the statute states the nature and object of the proceeding, so that there can be no question about the nature of petitioner's claim.  He only asks for the damages allowed him by the statute.

It is said that the petitioner claims only compensation for the value of the trees destroyed, not the damages accruing to him by reason of their destruction.  It is true, the petition alleges the value of the trees to have been $1200.00; but the petitioner only claims damages for their destruction.  We think this allegation sufficient in a proceeding of this kind, which is one simply for the ascertainment of damages allowed by the statute.

Counsel for the State Entomologist insist that the petition, in order to support a recovery of damages out of the general fund of the county, should allege that the entomologist performed every act required by the statute, and that it must affirmatively show that he was not personally liable for the damages by reason of having committed acts not contemplated by the statute or was guilty of some omission of duty. The petition in terms alleges that the trees were destroyed by the entomologist acting under and in pursuance of chapter 84 of the Acts of 1925, and that according to his judgment they were a menace to the health of the apple orchards in the community.  The petitioner clearly claims the damages contemplated by the statute, not damages accruing from any misdeed or omission of duty on the part of the entomologist.  And it is to be noted that no one is attacking the validity of the statute.  The petitioner relies on the statute for the relief claimed.

We are of opinion that the petition is sufficient, and that the circuit court properly overruled the motion to quash and the demurrer thereto.

*Ruling sustained.*